## No. 1126.

### DAVID H. LYONS vs. PARISH OF CALCASIEU.

Suit by sheriff against Calcasieu parish for his fees. His account being approved by the
Clerk and presiding Judge of the Court, under sec. 1042 Rev. Sta., the burden of showing
illegal charges is on the Parish.

The Court a qua properly refused leave to file amended Answer, after the cause was called
for trial, under the circumstances of the case.

Plea of prescription overruled.

APPEAL from the Fourteenth Judicial District Court, parish of Cal-
casieu Hudspeth, J.

---

F. A. Gallaugher and G. A. Fournet for Plaintiff and Appellee:

First—An amended answer comes too late when offered after the case has been called for
trial. 22 A. 350, 534; C. P. 420.

Second—An amended answer changing the substance of the issue cannot be allowed. 11 La.
73; 22 An. 350; 28 An. 109; 32 An. 920; C. P. 419–420.

Third—The matter of a continuance addresses itself to the sound discretion of the court.
18 An. 222; 19 An. 268.

Fourth—Police Jury warrants may be admitted to corroborate and substantiate the claim.
28 An. 192, 860.

Fifth—Police Juries cannot question the correctness of accounts approved by the clerk and
presiding judge. R. S. 1042; 14 An. 246; 18 An. 195; 27 An. 168; Parker vs. Robertson
14 An. 246.

Sixth—The testimony of a witness taken at the first trial is admissible, if the witness be
absent at the second trial. 26 An. 313; 29 An. 156; Shaw vs. Howell, 18 An. 195.

Seventh—The sheriff is entitled to ten cents a mile going to and returning from the service
of each and every process. Act 101 of 1870; New Orleans vs. Patton, 27 An. 169.

Lyons vs. Parish of Calcasieu.

### *Andrew J. Kearney* for Defendant and Appellant:

In a suit by a sheriff on account for costs and fees, warrants in his favor on the parish treasurer for part of such costs and fees are not admissible in evidence, because the evidence does not correspond with the allegations.

One deputy sheriff cannot make nor prove a return of service of process served by another deputy, nor prove the fact of such service. This can be done only by the deputy who made the service.

The law allowing sheriffs to charge mileage only for miles actually and necessarily traveled if he serves process in the same case or on the same day in the same neighborhood; on several persons, he cannot legally charge full mileage for each service. The law on this point construed and decided.

The plea of the general issue, in a suit on account, throws on plaintiff the burden of proving each item of his account, and by legal evidence.

---

The opinion of the Court was delivered by

FENNER, J. Plaintiff sues the parish of Calcasieu for an amount due him as sheriff for fees in criminal cases, maintenance of prisoners and attendance on court.

He .establishes that his accounts have all been approved by the clerk and presiding judge of the court as provided by R. S. § 1042, and that most, if not all, of them had been presented to the police jury of the parish and acknowledged by that body. He further satisfactorily establishes that the services charged for were actually rendered.

No serious suggestion is made that any of the charges are in excess of the rates allowed by law, except in the matter of mileage, as to which it is claimed that in serving process upon several persons, in the same case, at the same time, and in the same neighborhood, he has charged full mileage for each service. It is claimed that this is in violation of the law which only allows mileage for miles "actually and necessarily travelled" in making service. This position may, perhaps, be correct, though we are not called on to pass upon it here. The approvals of the accounts by the clerk and judge and their acknowledgments by the police jury, certainly threw upon defendant the burden of showing errors or illegalities therein; and there is no evidence showing that any particular item or items are amenable to the objection above stated.

We think, under the circumstances of this case, the judge *a quo* did not abuse his discretion in rejecting the amended answer offered to be filed by defendant after the cause was called for trial. The case has been pending for two years and had been at issue for about a year. It was a recused case and was set for trial at a special term before a judge from a neighboring district. Its continuance would have involved great inconvenience and delay. No sufficient reason was assigned for the laches in postponing the filing of the answer; and circumstances indicated that the object was delay. Besides, nothing suggests that defend-

ant was deprived of any means of defense which would have been afforded under the amended answer.

The plea of prescription filed in this Court has no force. The accounts sued on were accounts acknowledged and prescriptible only by ten years.

Justice has been done.

The judgment is affirmed at appellant's cost.